UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

PATRICK M. BERGIN,

    Defendant.

CASE NO. 3:19-cr-05232-CVB

DETENTION ORDER RE: ALLEGATIONS OF VIOLATION OF CONDITIONS OF BOND

THIS MATTER comes on for an initial hearing on the Petition of the United States Probation Office alleging that the defendant has violated the conditions of supervision on pretrial bond. The government made a motion for detention.

The government appears through Assistant United States Attorney Barbara Sievers.

The defendant appears personally and represented by counsel, Assistant Federal Public Defender Jerome Kuh.

The U.S. Probation Office has filed (Dkt. 36, 37, 38, 39) a petition and supplemental violation alleging violations #1 through #5 of the terms and conditions of supervision (terms and conditions imposed by Magistrate Judge J. Richard Creatura, Dkt. 35). The defendant has been advised of the allegation(s).

The Court schedules a hearing on the petition concerning all violations (1-5) to be held at the time, place, and date below:

*Date of hearing: Wednesday, October 2, 2019 before the Honorable J. Richard Creatura, United States Magistrate Judge, United States District Court, 1717 Pacific Avenue, Tacoma, Washington 98402*

*Time of hearing: 11:30 AM*

IT IS ORDERED that the defendant

__ Be released on an appearance bond, subject to the terms and conditions set forth thereon.

X Be detained because Mr. Bergin poses a serious risk of flight and potential for danger to the community, and there is no condition or combination of conditions that would reasonably ensure community safety or Mr. Bergin's appearance for court, including the upcoming revocation hearing. Under 18 U.S.C. Section 3148, if there is probable cause to believe that the defendant has committed a federal, state, or local crime while on release pending trial, a rebuttable presumption of detention applies. The Court also considered the factors that are to be weighed in determining whether a defendant should be detained pending trial, 18 U.S.C. Section 3142 (g).

The Court reviewed the allegations and considered the arguments and information presented by both parties, and by United States Probation and Pretrial Services during the detention hearing. The Court determined that the allegations are serious and repetitive, including: Failure to follow the curfew and instructions of probation and pretrial services officers regarding electronic monitoring (Violation Petition, Violation 1, Dkt. 36), testing positive for using an illegal controlled substance (methamphetamine), failure to obey state law by driving without a valid driver's license or valid insurance, failure to respond to the probation office when they attempted to bring him into compliance with requirements of the electronic monitoring and curfew (Violation No. 2 through 5, Dkt. 38). See also, Dkt. 37, 39.

The defense put on evidence that defendant has been driving because he needs a job, and he is making efforts to take responsibility. Yet he does not appear to be stable – he allegedly failed to follow the state laws that require valid insurance and a valid driver's license, and has tested positive for use of illegal drugs (methamphetamine) while on pretrial supervision. The defendant has allegedly absconded from supervision and failed to appear for a trial; he did not follow the necessary steps to remain on electronic monitoring – nor did he follow instructions that Court ordered him to follow with respect to cooperating with Probation and Pretrial Services officers. Mr. Bergin has repeatedly had problems controlling his behavior and allegedly failed comply with conditions of supervision on numerous occasions, as shown by the Court's previous orders on alleged violations of bond

that occurred in July and August 2019, as well as pending charges for bail jumping in United States v. Bergin, No. CR 19-5366. Dkt. 6, 11, 12, 13, 14, 15, 34, 35.

It is therefore **ORDERED**:

(1) Defendant shall be detained pending the hearing before Judge Creatura on October 2, 2019 and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

Dated this 26th Day of September 2019

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge